UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AGUSTIN PEREZ,<br><br>                                       Plaintiff,<br><br>    v.<br><br>RANCHO POINT APARTMENTS INC., *et al.*,<br><br>                                       Defendants. | Case No. 21-cv-1848-BAS-DEB<br><br>**ORDER:**<br><br>**(1) DISMISSING ACTION WITHOUT PREJUDICE (ECF No. 1); AND**<br><br>**(2) DENYING MOTION TO PROCEED IN FORMA PAUPERIS (ECF No. 2)** |

      Before the Court is Plaintiff Agustin Perez's Motion for Leave to Proceed In Forma Pauperis ("IFP Motion"). (ECF No. 2.) In light of the absence of pertinent information in that Motion, the Court **DENIES** Plaintiff's request. Furthermore, upon an initial pre-answer screening of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e), the Court **DISMISSES WITHOUT PREJUDICE** this action. (ECF No. 1.)

//
//
//

- 1 -

21cv1848

### I. IFP MOTION

Plaintiff Agustin Perez filed this action, *pro se*, on November 1, 2021, against Defendants Rancho Point Apartments Inc. and Mazin Kajjy. (Compl., ECF No. 1.)[1] Under 28 U.S.C. § 1915, a litigant who, because of indigency, is unable to pay the required fees or security to commence a legal action may petition the court to proceed without making such payment.  The determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds*, 506 U.S. 194 (1993) (holding that "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement on indigency").  It is well-settled that a party need not be completely destitute to proceed IFP.  *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and the dependents with the necessities of life." *Id.* at 339. However, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense . . . the remonstrances of a suitor who is financially able, in whole or in part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

District courts, therefore, tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. *See Skyler v. Saul*, No. 19-CV-1581-NLS, 2019 WL 4039650, at *3 (S.D. Cal. Aug. 27, 2019).  Moreover, "*in forma pauperis* status may be acquired and lost during the course of litigation." *Wilson v. Dir. of Adult Insts.*, No. CIV S-06-0791, 2009 WL 31150, at *2 (E.D. Cal. Feb. 9, 2009).  Finally, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citing *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)).

---

[1] The Complaint lacks enumerated paragraphs.  Thus, citations thereto refer to the pagination assigned by the Court's Public Access to Court Electronic Records system.

Here, Plaintiff represents his monthly income during the last twelve months averaged $780. (IFP Mot. 1, ECF No. 2.) He does not report having a spouse or any dependents. (*Id.*) Plaintiff reports a negative monthly cashflow of approximately $260. (*Id.* 2.) Plaintiff's IFP Motion leaves blank the following categories of financial information: (1) the amount of cash Plaintiff has on hand; (2) the amount of money Plaintiff has deposited in a bank account or has in any other financial institution: (3) the value of assets, if any, Plaintiff owns. (IFP Mot. 2–3.) For that reason, Plaintiff's IFP Motion is deficient. *See, e.g.*, *Iyonis v. United States*, No. 19-CV-00432-DKW-RT, 2019 WL 5058584, at *4 (D. Haw. Sept. 20, 2019).

Accordingly, Plaintiff's IFP Motion is denied. If Plaintiff chooses to submit another application, he may not omit any financial information about his assets or income. Pursuant to 28 U.S.C. § 1915(a)(1), the Court may dismiss the case if the financial disclosures in his subsequent IFP Motion are incomplete.

## II.   PRE-ANSWER SCREENING

### A.   Legal Standard

Because Plaintiff is proceeding IFP, his Complaint also requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2)(B). *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners."). Under this statute, the Court must *sua sponte* dismiss a plaintiff's complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *Id.* at 1126–27 (9th Cir. 2000) (discussing 28 U.S.C. § 1915(e)(2)). "The standard for determining whether a plaintiff has failed to state a claim for relief under which one can be granted under 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as the [Federal Rule of Civil Procedure ("Rule") 12(b)(6)] standard for failure to state a claim. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to 28 U.S.C. § 1915 "incorporates the familiar standard applied in the context of failure to state a claim under Rule 12(b)(6)"). Detailed factual allegations are

not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.* Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.*

Complaints must also comply with Rule 8, which requires that each pleading includes a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise and direct," Fed. R. Civ. P. 8(d)(1). *See Iqbal*, 556 U.S. at 677–78. In addition to the grounds for *sua sponte* dismissal set out in Section 1915(e)(2)(B), the district court may also dismiss a complaint for failure to comply with Rule 8 if it fails to provide the defendant fair notice of the wrongs allegedly committed. *See McHenry v. Renne*, 84 F.3d 1172, 1178–80 (9th Cir. 2011) (citing cases upholding Rule 8 dismissals where pleadings were, *inter alia*, "confusing," "distracting, ambiguous and unintelligible," while noting that "[o]ur district courts are busy enough without having to penetrate a tome approaching the magnitude of *War and Peace* to discern a plaintiff's claims and allegations")

B. Analysis

The allegations in Plaintiff's Complaint are difficult to discern, both because the facts alleged are sparse and disjointed and because Plaintiff's handwriting is at times illegible. To the best of the Court's understanding, Plaintiff claims that since moving to an apartment owned by Defendant Rancho Point Apartments Inc. in 2018 he has had "many problems." (Compl. 2.) In particular, Plaintiff alleges that on three occasions the apartment "failed inspection" from the "San Diego Housing Commission" for "chemical exposure in [the] carpet." (*Id.*) He also appends to the Complaint a "Notice of Entry of Judgment," dated August 4, 2021, from an action between the same parties in San Diego

Superior Court. (*Id.* 5.) That Notice indicates that on July 26, 2021, the court in that matter entered judgment, which reflects that neither side owes the other any money. (*Id.*) However, the Notice does not provide any further information regarding the nature or factual basis of that state court action. (*Id.*)

This Court finds that Plaintiff's Complaint fails to state a claim for relief. It is not at all clear under which statute Plaintiff is suing, how the Complaint is connected to the listed Defendants, or how Plaintiff was allegedly wronged. *McHenry*, 84 F.3d at 1178 (upholding Rule 8 dismissal where complaint made it difficult to determine just what circumstances were supposed to have given rise to the various causes of action); *Tabbutt v. JP Morgan Chase*, No. 18-CV-2799-BAS-LL, 2018 WL 6589842, at *2 (S.D. Cal. Dec. 14, 2018). Plaintiff's fragmented and mostly unintelligible Complaint is not enough. The Notice of Judgment Plaintiff submits does nothing to save his Complaint.

The Court needs a statement of Plaintiff's claims to begin to analyze whether it has jurisdiction and whether any claims can proceed. Therefore, the Court dismisses Plaintiff's Complaint with leave to amend under Rule 8 and 28 U.S.C. § 1915(e)(2)(ii). *See, e.g.*, *Morrison v. United States*, 270 F. App'x 514, 515 (9th Cir. 2008) (affirming Rule 8 dismissal of *pro se* complaint that "did not allege sufficient facts or jurisdictional basis for any federal claim for relief"); *see also Reed v. Newsome*, No. 3:20-CV-2439-AJB-MDD, 2021 WL 2633634, at *3 (S.D. Cal. June 25, 2021) (dismissing complaint under Rule 8 where the plaintiff did not link individual defendants to his claims); *Perryman v. Warden*, No. 2:21-cv-00421-JDP (PC), 2021 WL 1210461, at *1 (E.D. Cal. Mar. 31, 2021) (dismissing complaint under Rule 8 where plaintiff identified Doe defendants but did not "specifically alleg[e] how either was involved" in violations of his rights).

## IV.   CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's IFP Motion. (ECF No. 2.) The Court also **DISMISSES WITHOUT PREJUDICE** the Complaint. Plaintiff must file an amended complaint and a renewed IFP Motion, if any, by **no later than December 9, 2021**. The amended complaint should be entitled "First Amended Complaint." Plaintiff

is warned that failure to timely file a First Amended Complaint or renewed IFP Motion that corrects the above-referenced deficiencies will result in dismissal of this action with prejudice under 18 U.S.C. § 1915.  If Plaintiff does not file an amended complaint, the Clerk of Court is directed to close this action without further order.

**IT IS SO ORDERED.**

**DATED: November 9, 2021**

Hon. Cynthia Bashant
United States District Judge

- 6 -

21cv1848