UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AGUSTIN MUÑOZ PEREZ,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>RANCHO POINT APARTMENTS INC., *et al.*,<br><br>　　　　　　　Defendants. | Case No.: 3:21-cv-1848-RSH-DEB<br><br>**ORDER:**<br><br>**DENYING RENEWED MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 11]; and**<br><br>**DISMISSING CIVIL ACTION UNDER 28 U.S.C. § 1915(e)(2)(B)(ii)** |

Plaintiff Agustin Muñoz Perez filed *pro se* a Complaint and Application for Leave to Proceed *In Forma Pauperis* ("IFP") on November 1, 2021. *See* Compl., ECF No. 1; IFP App., ECF No. 2. On November 9, 2021, this Court denied Perez's IFP Application because it was incomplete and dismissed the case without prejudice under 28 U.S.C. § 1915(e)(2)(B) because his Complaint did not meet the minimal pleading requirements of Federal Rule of Civil Procedure 8(a)(2). *See* Order, ECF No. 3. The Dismissal Order instructed Perez to amend his Complaint and file a complete IFP application by December 9, 2021, or the Court would dismiss his case with prejudice. *Id*.

Instead, Perez filed his First Amended Complaint on December 17, 2021. *See* Am. Compl., ECF No. 5. But he did not pay the civil filing fee or file a complete IFP application.

As a result, this Court issued an Order to Show Cause on March 29, 2022, directing Perez to pay the filing fee or file a complete IFP application (or request an extension to do so) by April 25, 2022. *See* Order, ECF No. 10.

Perez did file an IFP application on April 12, 2022, but it was still incomplete. *See* IFP App., ECF No. 11. Likewise, Perez's First Amended Complaint suffers the same deficiencies as Perez's Original Complaint. Therefore, the Court denies Perez IFP status and dismisses his case without prejudice as explained below.

**I. Motion to Proceed IFP**

A.    Legal Standard

When someone files a lawsuit (other than a writ of habeas corpus) in a federal district court, the filer must pay a fee of $402. *See* 28 U.S.C. § 1914(a). This fee "is a lot of money to many millions of Americans." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). For this reason, a court may waive this fee by granting a party leave to proceed IFP under 28 U.S.C. § 1915(a)(1). *See, e.g.*, *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).

To request IFP status, a party must file an affidavit that: (1) includes a complete statement of assets, (2) demonstrates that the party is unable to pay the filing fee, (3) provides the nature of the action, and (4) states that the party is entitled to redress. 28 U.S.C. § 1915(a)(1). Although "'[o]ne need not be absolutely destitute to obtain benefits of the [IFP] statute[,]' . . . a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness and certainty.'" *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960), and *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)). Once a party files an IFP application, it is within the court's discretion to grant or deny the request. *Venerable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974) (citations omitted).

B.    Analysis

Here, Perez does not report having an employer, a spouse, or any dependents in his renewed IFP Application. *See* ECF No. 11 at 1–5. He largely lists "$0" in assets but left

the portion of the application regarding any money Perez has in any bank accounts blank. *Id*. at 2–3. Perez similarly wrote "$0" for the various categories of his possible income, but left income from retirement, disability, unemployment, and public assistance blank. *Id*. at 1–2. Although Perez notes paying $1,150 a month in rent, $0 for insurance, $0 in taxes, and $0 for installment payments, Perez left blank his expenses for utilities, home maintenance, food, clothing, laundry, transportation, recreation, and medical/dental care.[1] Ultimately, Perez's renewed IFP Application "does not give the Court adequate information from which to determine whether he is unable to pay the $402 fee." *Finnegan v. US Bank*, No. 21-cv-0620, 2021 WL 5545960, at *1 (S.D. Cal. Apr. 28, 2021); *see Murphy v. Veterans Admin.*, No. 21-cv-01405, 2021 WL 4951650, at *1 (S.D. Cal. Oct. 25, 2021) ("[T]he remainder of the form is left blank. This leaves the Court unable to assess Plaintiff's ability to pay the fees and costs associated with this action.").

When denying his first IFP Application, the Court pointed Perez to the various deficiencies in his filing and explained that if he "chooses to submit another application, he may not omit any financial information about his assets or income." ECF No. 3 at 3.[2] Indeed, the Order of Dismissal noted, "the Court may dismiss the case if the financial disclosures in his subsequent IFP Motion are incomplete." *Id*. Yet, Perez's renewed IFP Application suffered the same deficiencies. Therefore, the Court denies Perez IFP status.

///

///

///

---

[1] The Order to Show Cause also directed Perez to ensure the Court has his current address because postal mail the Court sent to him was returned as undeliverable. ECF No. 10 at 2–3. Notably, Perez does not list his city or state of legal residence in his renewed IFP Application. *See* ECF No. 11 at 5.

[2] The instructions on the IFP Application Form AO 239 that Perez used begin, "Complete all questions in this application and then sign it. Do not leave any blanks: if the answer to a question is '0,' 'none,' or 'not applicable (N/A),' write that response." ECF No. 11 at 1.

**II. Screening Under 28 U.S.C. § 1915(e)(2)**

A. <u>Legal Standard</u>

Even if this Court granted Perez IFP status, the Court would still have to screen his First Amended Complaint under 28 U.S.C. § 1915(e)(2)(B). *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) applies to all [IFP] complaints, not just those filed by prisoners."). This statute requires a court to dismiss a plaintiff's complaint (or any portion of it) which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *Id.* at 1126–27.

"The standard for determining whether a plaintiff has failed to state a claim for relief under which one can be granted under 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as the [Federal Rule of Civil Procedure ("Rule") 12(b)(6)] standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Although detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.* Under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*.

Complaints must also comply with Rule 8, which requires that each pleading include a "short and plain statement of the claim" and "each allegation [] be simple, concise and direct." Fed. R. Civ. P. 8(a)(2), 8(d)(1). *See Iqbal*, 556 U.S. at 677–78. If a complaint fails to provide the defendant fair notice of the wrongs allegedly committed, a district court may dismiss the complaint for failing to comply with Rule 8. *See Cafasso, United States ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (citing cases upholding Rule 8 dismissals where pleadings were "verbose," "confusing," "distracting,

ambiguous, and unintelligible," "highly repetitive," and comprised of "incomprehensible rambling").

Finally, courts should be mindful that *pro se* litigants "must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)); *see Lopez*, 203 F.3d at 1130–31 (holding that *pro se* litigants must be given leave to amend their pleading unless it is absolutely clear that deficiencies cannot be cured). But *pro se* parties "should not be treated more favorably than parties with attorneys of record . . . ." *Albanese v. Las Vegas Metro. Police Dep't*, No. 217-CV-01600, 2017 WL 2622759, at *2 (D. Nev. June 15, 2017) (quoting *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986)); *see Zavala v. Bartnik*, 348 F. App'x 211, 213 (9th Cir. 2009) ("Dismissal with prejudice was proper because [plaintiff] was given two prior opportunities to amend his complaint in order to correct the deficiencies identified by the district court but failed to do so.").

B.  Analysis

As best as the Court understands it, Perez claims that he moved into a studio apartment in 2018, which Defendant Rancho Point Apartments Inc. owned. *See* ECF No 5 at 2. The apartment had "many problems[,]" including an allegedly "dangerous spray" and "dangerous chemical exposure" on the "carpet and floor[.]" *Id*. Perez also alleges that the apartment "failed inspection" by the "San Diego Housing Commission" on three occasions. *Id*.

However, Perez's First Amended Complaint does not explain how (or if) he was wronged, describe Defendant's connection to the Complaint, assert a cause of action, or state what relief Perez requests if he prevails. Without this necessary information, the Court cannot determine if it has jurisdiction over the parties or justify dragging a party into federal court. *See Morrison v. United States*, 270 F. App'x 514, 515 (9th Cir. 2008) (affirming Rule 8 dismissal of *pro se* complaint that "did not allege sufficient facts or jurisdictional basis for any federal claim for relief"); *Maiman v. Talbott*, No. 09-cv-0012, 2010 WL 11484000, at *5 (C.D. Cal. Feb. 8, 2010) ("[P]laintiffs must give the defendants they haul

into court a clear statement about what the defendants allegedly did wrong."). The Court gave Perez notice of these deficiencies when it dismissed his Original Complaint, but his First Amended Complaint ultimately still fails to state a claim on which relief can be granted. *See Tabbutt v. JP Morgan Chase*, No. 18-cv-2799, 2018 WL 6589842, at *2 (S.D. Cal. Dec. 14, 2018) (dismissing complaint proceeding IFP for failing to comply with Rule 8). For these reasons, the Court has no choice but to dismiss Perez's civil action.

### III. Conclusions and Orders

As explained above, the Court:

1. **DENIES** Plaintiff's renewed IFP Application, ECF No. 11; and

2. **DISMISSES WITHOUT PREJUDICE** Plaintiff's First Amended Complaint [ECF No. 5] *sua sponte* for failing to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court shall **CLOSE** this case. Further, this Court certifies that any IFP appeal from this Order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

**SO ORDERED**.

Dated:  August 5, 2022

_____
Hon. Robert S. Huie
United States District Judge